1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

SOUTHERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| DOUGLAS W. BROWN,<br>Inmate No. 21148122,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>U.S. PROBATION, San Diego, U.S.<br>PROBATION, Riverside, U.S. DISTRICT<br>COURT, LENZY WOOLEY, U.S<br>Probation Officer, KEYONNA<br>STANDFORD, U.S. Probation Officer,<br>LAUREN DAY CUSITELLO, Attorney,<br>JEREMY D. WARREN, Attorney,<br><br>                                    Defendants. | Case No.:  22-cv-730-MMA (DEB)<br><br>**ORDER DISMISSING CIVIL<br>ACTION WITHOUT PREJUDICE<br>FOR FAILURE TO PAY FILING<br>FEE REQUIRED BY 28 U.S.C.<br>§ 1914(a) AND/OR FAILURE TO<br>MOVE TO PROCEED IN FORMA<br>PAUPERIS PURSUANT TO 28 U.S.C.<br>§ 1915(a)** |

        Plaintiff Douglas Wayne Brown, proceeding *pro se* and currently housed at George

Bailey Detention Center located in San Diego, California, has filed this civil rights action

pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1 ("Compl.").

        All parties instituting any civil action, suit or proceeding in a district court of the

United States, except an application for writ of habeas corpus, must pay a filing fee of

$402. *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $402 in filing and administrative fees required to commence this civil action, nor has he submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).  Therefore, his case cannot yet proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

Accordingly, the Court **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $402 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a).  The Court **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to either: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint.  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).

The Court **DIRECTS** the Clerk of Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."  If Plaintiff fails to either prepay the $402 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, this action will be dismissed

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements.[2]

**IT IS SO ORDERED**.

Dated:  June 1, 2022

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $402 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $402 filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").